8 N.J. Super. 279 (1950)
74 A.2d 320
RUTH JACOBSON, PLAINTIFF-RESPONDENT,
v.
MEYER KAMINSKY, T/A OAK FLOORING COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1950.
Decided June 21, 1950.
*280 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Robert Shaw argued the cause for appellant (Messrs. Duggan, Shaw & Hughes, attorneys).
Mr. Harry Cohn argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
This appeal brings up a judgment of the Essex County Court reversing the dismissal of a petition for compensation on the ground that decedent did not sustain *281 an accident arising out of and in the course of his employment. The County Court reversed holding that "decedent's death from heart failure * * * occurred as the result of an unusual strain arising out of and in the course of his employment." The case is factual and recognized as such by both appellant and respondent. The Deputy Director who heard the case said: "I am completely unimpressed by the testimony of the Petitioner's witnesses * * *. Putting it very bluntly, I do not believe the testimony of the two laborers, employees of the Respondent company owned by the Petitioner's brother. I had opportunity to observe these witnesses in Court on many occasions and while testifying both on the direct case and when called in rebuttal. Their testimony that they had never discussed the death of the decedent with anyone, particularly the bookkeeper in charge of the office at the time of decedent's collapse, * * * is utterly unbelieveable." The County Court on the important element of credibility, arrived at a contrary opinion and, while recognizing the weight to be given a finding of fact of the tribunal that had the opportunity of observing the witnesses, discounted that weight for the reason, among others, that the six hearings were spread over a period of four and a half months, which fact, the County Court believed, prevented the Deputy Director from recalling "as clearly the personalities of the earlier witnesses as those of the later. Obviously therefore this consideration of the personalities of the witnesses by the Bureau, their credibility, instead of being helpful, was in fact misleading from the standpoint of comparing their weight."
The evidence presents a close question, particularly as to the element of credibility. Bearing in mind the admonition in Gilbert v. Gilbert Machine Works, Inc., 122 N.J.L. 533 (Sup. Ct. 1939), that "there is a natural hesitation on the part of the appellate tribunal, confined as it is to the written word, to disturb factual conclusions of the judicial officer to whom the evidence has been orally presented," we feel that the Deputy Director should be sustained.
The judgment is reversed.